IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA
    Plaintiff,

vs.                                                                             Case No. 04-10081-01-JTM

CARL J. HARRIS,
    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Carl Harris's Motion to Vacate his sentence under 28 U.S.C. § 2255. Harris, who pled guilty in 2004 to distribution of crack cocaine, was sentenced to 235 months imprisonment. (Dkt. 24). Invoking the Supreme Court's determination in *Johnson v. United States*, 135 S.Ct. 2551 (2015) that the residual clause contained in the Armed Career Criminal Act was unconstitutionally vague, Harris argues that his sentence was improperly enhanced as a career offender under the residual clause of the Sentencing Guidelines, § 4B.1.2(a) on the basis of two prior convictions for armed robbery.

The Supreme Court subsequently determined in *Beckles v. United States*, 137 S.Ct. 886, 890 (2017), that "the Guidelines are not subject to a vagueness challenge under the

Due Process Clause," and held that § 4B1.2(a)(2) was not void for vagueness. Harris suggests that *Beckles* is not controlling, because his sentence was imposed prior to *United States v. Booker*, 543 U.S. 220 (2005), at a time with the Guidelines were considered mandatory rather than discretionary.

The government opposes the defendant's motion, arguing (1) that the defendant's claim is time-barred because it is presented more than a year after his sentence became final and the saving provision of 28 U.S.C. § 2255(f)(3) is inapplicable; (2) any challenge to the Guidelines-based sentence under *Johnson* would be procedural in nature and thus not retroactive; (3) that § 4B1.2(a)(2) is not vague; (4) that defendant is procedurally defaulted from raising the argument in light of his guilty plea; and (5) that the underlying robberies are crimes of violence under the Guidelines. The court finds that the statue of limitations bars defendant's claim.

The Tenth Circuit has determined that "[w]hether *Johnson* applies to pre-*Booker* guideline sentences is an open question." *See United States v. Hopson*, 2017 WL 6523336, *2 (10th Cir. Dec. 21, 2017) (citing *United States v. Miller*, 868 F.3d 1182, 1186-87 (10th Cir. 2017)). In *Miller*, the Tenth Circuit noted the government's § 2255(f)(3) statute of limitations defense, but did not address the issue after finding that the government had forfeited the argument under the facts of the case. The government has preserved and presented the defense in the present action.

Because the Supreme Court has not created any new right under *Johnson* authorizing vagueness challenges to guidelines sentences imposed before, petitioner's challenge is time-barred. In the absence of such a decision, the claimant cannot invoke

2

the saving provision of § 2255(f)(3). This conclusion reflects the uniform conclusion of this court,[1] as well as the overwhelming weight of authority elsewhere.[2] "[U]nless and until the Supreme Court decides this issue, petitioner cannot bring a challenge to his mandatory guidelines sentence." *Hernandez v. United States*, 2017 WL 6520500, *5 (W.D. Wisc. Dec. 20 2017).

A recent ruling of the Tenth Circuit, *United States v. Greer*, __ F.3d___, 2018 WL 721675 (10th Cir. Feb. 6, 2018), confirms this conclusion. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a § 2255 motion must be brought within one year of the later of "the date on which the judgment of conviction becomes final" or "the right asserted [by petitioner] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3). *Greer*, 2018 WL 721675 at *2. The argument of the defendant would "require this court to address the constitutionality of the residual

---

[1] *United States v. Pullen*, No. 98-40080-01-JAR, 2017 WL 3674979, *2 (D. Kan. Aug. 23, 2017); *United States v. Ward*, 01-CR-40050-01-DDC, 2017 WL 3334644, at *2 (D. Kan. Aug. 4, 2017); *United States v. Brigman*, No. 03-20090-JWL, 2017 WL 3267674, at *2–3 (D. Kan. Aug. 1, 2017).

[2] *See, e.g.*, *United States v. Brown*, 868 F.3d 297, 303 (4th Cir. 2017) (similar action was "untimely … in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson*'s binding holding, and *Beckles*'s indication that the position advanced by Petitioner remains an open question in the Supreme Court); *Raybon v. United States*, 867 F.3d 625, 630-31 (6th Cir. 2017); *Westrich v. United States*, No. 16-17196, 2017 U.S. App. LEXIS 8165, at * *6-7 (11th Cir. Apr. 26, 2017); *United States v. Waters*, 2018 WL 287933, *1 (W.D. Pa. Jan. 4, 2018); *Hernandez v. United States*, 2017 WL 6520500, *5 (W.D. Wisc. Dec. 20. 2017); *Hardy v. United States*, No. 03-68, 2017 WL 5986119, at *3 (S.D. Miss. Dec. 1, 2017).

clause of the mandatory Guidelines in the first instance on collateral review … a task [which] exceeds the authority of this court under AEDPA." *Greer*, 2018 WL 721675 at *3.

Because the matter is time-barred, the court need not address the additional arguments presented by the government, including the ultimate merits of whether the relevant sentencing guidelines are indeed vague when applied to the defendant's prior Oklahoma convictions for robbery with a firearm.

Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability [COA] when it enters a final order adverse" to the petitioner. Under 28 U.S.C. § 2253(c)(2), a court may grant a COA upon "a substantial showing of the denial of a constitutional right." Where, as here, the court denies a habeas claim on procedural grounds, the court may issue a COA if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because defendant fails to satisfy the applicable standards in this case, the court denies a certificate of appealability.

The court also denies defendant's Motion for Reconsideration as to appointment of counsel. In 2009, the court denied appointment of counsel in the context of defendant's motion for relief under 18 U.S.C. § 3582(c)(2). The court finds that defendant has ably and thoroughly presented the arguments relevant to the issues involved, and finds no grounds for appointment of counsel.

IT IS ACCORDINGLY ORDERED this 30th day of March, 2018, that defendant's Motions to Vacate (Dkt. 58) and for Reconsideration (Dkt. 64) are hereby denied.

    ___s/ J. Thomas Marten_____
    J. THOMAS MARTEN, JUDGE